## FIDELITY & CAS CO. v. UN. SAV. BANK CO.

Ohio Supreme Court.

No. 21025. Decided June 20, 1928.

Error to Jefferson Appeals.

Judgment Affirmed.

**126. BANKS AND BANKING—1104 Statutes.**

1. Legislature alone has authority to empower public official to make deposit of state funds in banking institution and provide terms and conditions of such deposit.

2. Deposit made under authority of 321 GC., et seq., creates relation of borrower and lender between depositary and state.

3. Such deposit gives state no priority of funds of such bank in event of insolvency.

4. Such deposit not exercise of sovereignty. Government acting in proprietary capacity.

MARSHALL, CJ.

1. The legislature alone has authority to empower a public official to make a deposit of state funds in a banking institution and to provide the terms and conditions of such deposit.

2. The legislature has made provision for deposit of state funds in Sections 321 et seq., General Code, and a deposit when made under authority of those sections creates the relation of borrower and lender between such depositary and the state.

3. Sections 321 et seq., General Code, neither expressly nor impliedly give to the state priority of payment out of the funds of such banking institution in the event of insolvency.

4. A deposit of state funds in a depositary under authority of Sections 321 et seq., General Code, is not an exercise of sovereignty but on the other hand in such a transaction the government is acting in its proprietary capacity.

(Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

---

## SABO v. STATE.

Ohio Supreme Court.

No. 20963. Decided June 20, 1928.

Error to Summit Appeals.

Judgment Affirmed.

**333. CRIMINAL LAW—480 Evidence—1273 Witnesses.**

1. Defendant, testifying, may be cross examined. Cannot claim, as witness, privileges exclusive to accused.

2. Accused presumed of good character. Neither character nor general reputation can be attacked by state unless made issue by accused. Such issue may be raised by offering testimony as to good character or good general reputation.

3. Witness, called by defendant, though not interrogated as to character or general reputation, may be so interrogated by state if no objection made thereto at time, and no exceptions taken.

4. Counsel interrogating witness on cross examination, on matters not material, is bound by answer, but if opposing counsel re-examines upon such matters, answers are subject to contradiction and impeachment.

**61. ALIBI—225 Charge of Court.**

1. Charge that alibi is "independent defense" held not reversible error in view of other instructions.

2. Charge, on subject of alibi, held not reversible error since it only defined range of time and place covered by alibi and had no relation to quantum, degree or burden of proof.

MARSHALL, CJ.

1. A defendant in a criminal case voluntarily testifying in his own behalf may be cross-examined as any other witness and cannot claim as a witness the privileges which belong to him solely as the accused.

2. A person charged with crime is presumed to be a person of good character and neither his character nor his general reputation can be attacked by the state unless his character or general reputation is made an issue by him. Such issue may be raised by his counsel by offering testimony as to his good character or his good general reputation.

3. A witness called by the defendant in a criminal case though not interrogated on the subject of character or general reputation by defendant's counsel may nevertheless be interrogated by counsel for the state as to character or general reputation of the defendant if no objection is made thereto at the time and no exceptions taken.

4. Where counsel interrogates a witness on cross-examination on matters not material to the main issue he is bound by the answer of the witness but if opposing counsel re-examines upon such matters all answers so obtained upon such re-examination are subject to contradiction and impeachment.

5. A charge on the subject of alibi that alibi is "an independent defense" is not reversible error if in the same connection the court instructs the jury that the duty is imposed upon the state to prove every element of the crime charged beyond a reasonable doubt and that the jury should look to and consider all the testimony upon the subject which in any way tends to prove or disprove it.

6. An instruction on the subject of alibi which contains the following matter: "It is obviously essential to the satisfactory proof of an alibi that it should cover the whole of the time of the crime in question or so much of it as to render it impossible that the prisoner could have committed the act" is not reversible error, since it only defines the range of time and place covered by the alibi and has no relation to the quantum, degree or burden of proof.

(Day, Allen and Kinkade, JJ., concur.)